UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Christopher Cavallaro

    Plaintiff

v.

Performance Marine Associates
Insurance Services, Inc.
and ACE Group,

    Defendants

CIVIL ACTION NO. 04 12512 RWZ

MAGISTRATE JUDGE

RECEIPT # 60400
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 11-30-04

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### CAUSE OF ACTION

This is a Civil Action brought in the United States District Court for the District of Massachusetts by the Plaintiff, Chris Cavallaro, to recover damages sustained by him as a consequence of the Defendants' violations of M.G.L. c. 93A §9 and by Breach of Contract.

Plaintiff Christopher Cavallaro suffered financial and property loss as a result of the Defendants' bad faith in its dealing with the Plaintiff following a boating accident and in breaching the contracts they made with the Plaintiff in exchange for valuable consideration.

### ALLEGATION OF JURISDICTION

Plaintiff Christopher Cavallaro is a citizen of the Commonwealth of Massachusetts.

Defendant ACE Group is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in a State other than the Commonwealth

of Massachusetts. Defendant Performance Marine Associates Insurance Services, Inc. is a Florida corporation with a principal place of business outside the Commonwealth of Massachusetts.

The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Christopher Cavallaro, demands a TRIAL BY JURY upon each and every count of this Complaint and all triable issues in this Federal Civil Action and hereby gives Notice of his Claim for a Trial by Jury in United States District Court pursuant to Federal Rules of Civil Procedure 38 and as declared by the 7th Amendment of the United States Constitution.

## THE PARTIES

1. *The PLAINTIFF:* Plaintiff Christopher Cavallaro is a Massachusetts resident who resides at 428 York Street, Canton, Massachusetts.

2. *The DEFENDANT:* Defendant Performance Marine Associates Insurance Services, Inc. ("PMA") is a Florida Corporation with a principal place of business at 2525 Marina Bay Drive West, Suite 204, Fort Lauderdale, FL 33312.

3. *The DEFENDANT:* The Defendant ACE Group ("ACE") is a Delaware corporation with a principal place of business at One Beaver Valley Road, 3 West, Wilmington, DE 19803.

## FACTUAL BACKGROUND

4. On July 19, 2003, Plaintiff Christopher Cavallaro was involved in a serious boating accident on Marina Bay in Dorchester, Massachusetts, when Mr.

2

Cavallaro's boat was violently buffeted by another boat's wake, causing Mr. Cavallaro's vessel to lift out of the water and smash back down.

5. Mr. Cavallaro and his passengers, including the friend who was driving Mr. Cavallaro's boat at the time of the accident, sustained serious injuries and Mr. Cavallaro's boat was damaged extensively. The United States Coast Guard rescued Mr. Cavallaro and his passengers.

6. Damage to Mr. Cavallaro's boat was estimated at more than $25,000. Mr.Cavallaro missed at least one month of work, resulting in a loss of income of more than $100,000.

7. Mr. Cavallaro immediately reported the accident to Defendant ACE, with whom he had a fully paid marine insurance policy, No. 511958802, purchased through Defendant PMA. An adjuster for Defendant ACE informed Mr. Cavallaro that his marine policy contained a "Named Driver Warranty."

8. The Defendant further told Mr. Cavallaro that because a friend – and not Mr. Cavellero -- was driving Mr. Cavallaro's boat at the time of the accident, the Named Driver Warranty voided the policy. This effectively denied coverage to Mr. Cavallaro for his extensive property damage.

9. Mr. Cavallaro purchased the marine insurance policy from Defendant ACE, through an agent of Defendant PMA, in May 2003, at the same time he purchased his boat. The policy, No. S11958802, was effective June 4, 2003 to June 4, 2004.

10. Mr. Cavallaro received neither a written insurance policy nor a list of coverages and exclusions from the insurance agent at Defendant PMA or from the insurer itself, Defendant ACE.

11. At no time was Mr. Cavallaro made aware of the Named Driver Warranty exclusion on his policy. Further, the friend who was driving Mr. Cavallaro's boat at the time of the accident was a skilled sailor with eight years' more boating experience than Mr. Cavallaro.

12. As a result of the denial of coverage, Mr. Cavallaro was forced to sell the boat at a significant financial loss.

## COUNTS OF THE COMPLAINT OF THE PLAINTIFF

### COUNT I
*(Christopher Cavallaro v. PMA Insurance for Violation of M.G.L. c. 93A)*

13. Plaintiff Christopher Cavallaro repeats and realleges each statnement in paragraphs one (1) through twelve (12) above, as fully as if expressly rewritten herein.

14. In May 2003, Mr. Cavallaro purchased from an agent of PMA Insurance of Fort Lauderdale, Florida, a standard policy of coverage for his newly purchased boat. The policy, No. 511958802, was administered by the marine insurance section of Defendant ACE, a multi-national insurance group.

15. Mr. Cavallaro received neither a detailed policy package nor a face sheet with a summary of coverages and exclusions.

16. As a result of Defendant PMA's failure to provide Mr. Cavallaro with the necessary insurance documents, Mr. Cavallaro allowed a friend to drive his boat, which was allegedly in contravention of the policy's coverage limits.

17. Defendant PMA had an affirmative duty to inform Mr. Cavallaro of the specifics of the policy, for which he paid $1,730 for seven months of use.

18. Defendant PMA's failure to notify Mr. Cavallaro of the limitations on his policy

4

represent a potentially unfair or deceptive act, in violation of M.G.L. 93A §9.

Wherefore, Plaintiff Christopher Cavallaro prays that judgment be entered against Defendant PMA for violation of M.G.L. c 93A §9 in an amount that will fairly and adequately compensate for Plaintiff Christopher Cavallaro's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT II
*(Christopher Cavallaro v. ACE INA for Violation of M.G.L. c. 93A)*

19. Plaintiff Christopher Cavallaro repeats and realleges each statement in paragraphs one (1) through eighteen (18) above, as fully as if expressly rewritten herein.

20. In late May 2003, Mr. Cavallaro purchased, through an agent, a standard policy of coverage for his newly purchased boat. The policy, No. 511958802, was through the marine insurance section of Defendant ACE, a multi-national insurance group.

21. Mr. Cavallaro received neither a detailed policy package nor a face sheet with a summary of coverages and exclusions from Defendant ACE.

22. As a result of Defendant ACE's failure to provide Mr. Cavallaro with the necessary insurance documents, Mr. Cavallaro allowed a friend to drive his boat, which was allegedly in contravention of the policy's "Named Driver Warranty."

23. Mr. Cavallaro did not learn of the Named Driver Warranty in his recently purchased policy until Defendant ACE refused to pay his claim following a serious boating accident on July 19, 2003.

24. Mr. Cavallaro never agreed to nor signed a Named Driver Warranty as a part of his purchase of marine insurance, since he was not aware such a clause was included in the policy.

25. The letter from Defendant ACE informing Mr. Cavallaro of the possible denial of coverage is dated "June 17, 2003," which is actually a full month before the accident occurred. Mr. Cavallaro obviously received the letter **after** reporting the July 19, 2003 accident.

26. Defendant ACE had an affirmative duty to inform Mr. Cavallaro of the specifics of the policy, for which he paid $1,730 for seven months of use.

27. Prior to the accident, Defendant ACE sent Mr. Cavallaro a Notice of Cancellation based on failure to pay. Defendant ACE later admitted the notice had been sent in error, and that Mr. Cavallaro's policy was paid in full. This occurred less than a month after Mr. Cavallaro purchased the policy.

28. Mr. Cavallaro has, to date, received no information indicating that Defendant ACE, pursuant to its duty, investigated his claim or made a good-faith effort to investigate.

29. Further, Defendant ACE's failure to notify Mr. Cavallaro of the limitations on his policy represent a potentially unfair or deceptive act, in violation of M.G.L. 93A §9.

Wherefore, Plaintiff Christopher Cavallaro prays that judgment be entered against Defendant ACE for violation of M.G.L. c 93A §9 in an amount that will fairly and adequately compensate for Plaintiff Christopher Cavallaro's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

### COUNT III
*(Christopher Cavallaro v. PMA Insurance in Breach of Contract)*

30. Plaintiff Christopher Cavallaro repeats and realleges each statement in paragraphs

one (1) through twenty-nine (29) above as fully as if expressly rewritten herein.

31. Plaintiff Christopher Cavallaro expected that when he purchased liability insurance on his new boat, that the contract made in exchange for valuable consideration, namely, $1,750.00, entitled him to the insurance coverage he was sold.

32. Defendant PMA breached this contract by failing to ensure that Mr. Cavallaro knew about and understood his rights and duties under the insurance policy. Mr. Cavallaro had a right to expect this information from a licensed insurance agent.

33. Further, Mr. Cavallaro had a right, under the insurance contract, to all documents relating to the coverage in a timely manner.

34. As a direct and proximate result of Defendant PMA's breach, Mr. Cavallaro suffered enormous financial injuries from the loss of his boat, as well as lost wages from the time he was off of work as a result of the accident.

Wherefore, Plaintiff Christopher Cavallaro prays that judgment be entered against Defendant PMA for Breach of Contract in an amount that will fairly and adequately compensate for Plaintiff Christopher Cavallaro's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
*(Christopher Cavallaro v. ACE in Breach of Contract)*

35. Plaintiff Christopher Cavallaro repeats and realleges each statement in paragraphs one (1) through thirty-four (34) above as fully as if expressly rewritten herein.

36. Plaintiff Christopher Cavallaro expected that when he purchased liability insurance on his new boat, that the contract made in exchange for valuable consideration – namely, $1,750.00 – entitled him to the insurance coverage he was sold.

37. Defendant ACE breached this contract by failing to ensure that Mr. Cavallaro knew about and understood his rights and duties under the insurance policy. Mr. Cavallaro had a right to expect this information from a licensed insurance agent.

38. Mr. Cavallaro had a right, under the insurance contract, to all documents relating to the coverage in a timely manner.

39. Defendant ACE, through its sale of an insurance policy to Mr. Cavallaro, created a binding contract that required it to pay for covered losses to Mr. Cavallaro's boat.

40. As a direct and proximate result of Defendant ACE's breach, Mr. Cavallaro suffered enormous financial injuries from the loss of his boat, as well as lost wages from the time he was off of work as a result of the accident.

Wherefore, Plaintiff Christopher Cavallaro prays that judgment be entered against Defendant ACE for Breach of Contract in an amount that will fairly and adequately compensate for Plaintiff Christopher Cavallaro's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

Date: November 30, 2004

Respectfully submitted,
Christopher Cavallaro,
By his attorney,

Stephen L. D'Angelo, Esq.
BBO #: 640900
D'Angelo & Hashem, LLC
6 Beacon Street, Suite 505
Boston, MA 02108
(617) 624-9777

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Cavallaro Christopher

**DEFENDANTS**
Performance Marine Associates, Insurance Services, Inc., & ACE Group

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Fort Lauderdale, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Stephen L. D'Angelo Esq.
D'Angelo & Hashem, LLC
6 Beacon St., Ste 505
Boston, MA 02108    (617) 624-9777

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Bad Faith under M.G.L. 93A (Consumer Protection), and Breach of Contract

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 150,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 11-30-04
SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Cavallaro v. Performance Marut Associates Insurance Services, Inc et al_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    **04 12512 RWZ**

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ✓ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
    YES   (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
    YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
    YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
    YES   (NO)

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
        EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Stephen L. D'Angelo_
ADDRESS _6 Beacon St., Suite 505, Boston, MA 02108_
TELEPHONE NO. _(617) 624-9777_

(Cover sheet local.wpd - 11/27/00)