UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12512-RWZ

|  |  |
|---|---|
| CHRISTOPHER CAVALLARO,<br>Plaintiff,<br><br>v.<br><br>PERFORMANCE MARINE ASSOCIATES<br>INSURANCE SERVICES, INC. and ACE GROUP,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against defendant Performance Marine Associates Insurance Services, Inc. ("PMA") upon which relief can be granted.

### SECOND DEFENSE

The defendant, PMA, responds to the plaintiff's Complaint, paragraph by paragraph, as follows:

### Jurisdiction

The defendant neither admits nor denies the statements contained in Paragraph 1 as they are conclusions of law to which no response is required. In the event a response is nonetheless required, the defendant admits that the parties would appear to be of diverse citizenship, but denies that the amount in controversy exceeds $75,000.

### Jury Demand

Defendant demands Trial by Jury of all issues so triable.

## Parties

1. The defendant neither admits nor denies the allegations contained in Paragraph 1, and calls for proof thereof.

2. The defendant admits the allegations contained in Paragraph 2.

3. Upon information and belief the allegations contained in Paragraph 3 are admitted but pertains to another Defendant.

## Facts

4. Defendant is not advised of the allegations contained in Paragraph 4 of the Complaint and accordingly neither admits nor denies same but calls for proof thereof.

5. Defendant is not advised of the allegations contained in Paragraph 5 of the Complaint and accordingly neither admits nor denies same but calls for proof thereof. To the extent Plaintiff asserts he was not the operator of his boat at the time of his accident, Defendant would admit that the subject insurance policy, as was well known to Plaintiff, plainly excluded any coverage for any loss or damage where the boat operator was a person other than the named insured based on the "Designated Operators Only" restrictions on this policy. Further, any allegations of personal injury should be stricken as impertinent and immaterial based upon other allegations in Plaintiff's Complaint that whatever the status of the Plaintiff as the operator of the boat, as a named insured he would not have any possible entitlement to coverage for his own personal injuries.

6. Defendant is not advised of the allegations contained in Paragraph 6 of the Complaint and accordingly neither admits nor denies same but calls for proof thereof. Further, such allegations should be stricken as to any loss of income or other indirect damage claims as these would not be subject to insurance coverage under any interpretation of the policy without regard to the status of the Plaintiff as the operator or a passenger of his own boat.

7. Upon information and belief, it is admitted that Plaintiff timely reported the

boating accident to the Defendant insurer. This Defendant is not advised of the allegations contained in Paragraph 7 in regard to the manner or method of how the insurance company advised the Plaintiff of the breach of insurance policy warranties but PMA would admit that the policy as sold to Plaintiff plainly required for purposes of any available coverages that Plaintiff himself was to be the operator of the vessel for purposes of any coverages and that this was well known to the Plaintiff.

8. This Defendant is not advised of the allegations contained in Paragraph 8 and accordingly neither admits nor denies same and calls for proof thereof, however, this Defendant would admit that the policy as sold to Plaintiff plainly would exclude any claim for damages where the Plaintiff was not himself the operator of his own boat at the time of his accident.

9. This Defendant admits that Plaintiff purchased a marine insurance policy from Defendant insurer through PMA subject to policy terms, conditions and warranties.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied. The level of operator experience of the Plaintiff's friend who was apparently operating this boat at the time of Plaintiff's accident in plain breach of policy warranties, is immaterial.

12. Defendant is not advised of the allegations contained in Paragraph 12 and accordingly neither admits nor denies same but calls for proof thereof. Moreover, such allegations are immaterial to any causes of action in this case.

## COUNT I

13. Defendant PMA incorporates by reference as if set forth at length, responses to Paragraphs 1 through 12 above.

14. Defendant denies the allegations contained in Paragraph 14 to the extent that there is any such thing as a "standard" policy of marine insurance for the nature of the underwriting risks involved in this marine insurance policy. The other allegations contained in Paragraph 14

pertain to co-defendant insurer and as such require no answer of Defendant PMA.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied, however, PMA did in fact fully inform Plaintiff of the "Designated Operators Only" warranty under the subject insurance policy.

18. The allegations contained in Paragraph 18 are denied.

WHEREFORE, Defendant PMA having fully answered the allegations contained in Count I of the Complaint move for dismissal with prejudice of Plaintiff's causes of action, to strike any damages claims plainly negated by the insurance policy without regard to the separate breach of the named operator warranty and for award of this Defendant's attorneys fees, costs and expenses incurred in defense of this matter.

## COUNT II

19-29. The allegations contained in Paragraphs 19 through 29, Count II, of the Complaint, pertain to co-defendant insurer and as such require no answer of Defendant PMA. To the extent of any allegations of fault, liability or damages owing by Defendant PMA in Count II, all such allegations are expressly denied.

## COUNT III

30. Defendant hereby incorporates by reference as if set forth at length, responses to Paragraphs 1 through 29 above.

31. The allegations contained in Paragraph 31 are vague and would require no answer since there is no allegation that the insurance policy purchased by Plaintiff failed to provide insurance coverages but for Plaintiff's knowing and intentional breach of the plainly disclosed named "Designated Operators Only" warranty giving rise to this insurance claim. To the extent of any allegations of fault, liability or damages owing by Defendant PMA all such allegations are

32. denied.

33. The allegations contained in Paragraph 32 are denied.

34. The allegations contained in Paragraph 33 are such as to require no answer, however, to the extent of any delay by the co-defendant insurer to provide a complete copy of the insurance policy to Plaintiff so close in time to the inception date of the policy, there is no properly stated cause of action against Defendant PMA and in any event, Plaintiff was fully advised and aware of the named operator warranty under his boat policy prior to the subject accident.

35. Defendant denies the allegations contained in Paragraph 34.

WHEREFORE, Defendant PMA having fully answered Count III of the Complaint prays that such claims be dismissed with prejudice, that Defendant PMA be awarded its attorneys fees, costs and expenses incurred in defense of this action and for all other just relief as this cause requires.

## COUNT IV

35-40. The allegations contained in Paragraphs 35-40, Count IV, pertain to co-defendant insurer and as such require no answer of Defendant PMA. To the extent of any allegations of fault, liability or damages owing by Defendant PMA in Count IV, all such allegations are expressly denied.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The Plaintiff was fully advised of the nature of the named operator warranty to be included as part of any boat insurance policy being sold to him due to the nature of the marine insurance being requested and industry wide limitations on the nature of such coverages. Having been fully advised of these limitations of coverage, the Plaintiff knowingly and intentionally breached this warranty and as such, it is reasonably believed that co-defendant insurer was proper in any decline of coverage otherwise owing for any property damage Plaintiff may have suffered in his boating accident while his boat was being operated by someone other than

himself.

### FOURTH DEFENSE

Regardless of whether there was a named operator warranty in Plaintiff's insurance policy, any claim or cause of action for personal injury damages suffered by Plaintiff while aboard his own boat being operated by another would not be subject to any available insurance coverages and as such all such claims should be stricken from this action.

### FIFTH DEFENSE

Any claim or cause of action for breach of contract as stated by Plaintiff against this Defendant should be stricken. The insurance policy was a contract between the insurer and its insured and there is no contractual obligation of the insurance agent to provide coverage under the policy.

### SIXTH DEFENSE

Plaintiff is subject to all terms, conditions and policy exclusions or warranties under the subject insurance policy.

### SEVENTH DEFENSE

Plaintiff has failed to attach a copy of any documents upon which Plaintiff relies and as such this action should be dismissed.

### EIGHTH DEFENSE

Plaintiff has failed to state a proper cause of action for any unfair or deceptive trade practices under Massachusetts law or laws of any other state applicable to such insurance matters.

### NINTH DEFENSE

Plaintiff's claim is barred by the Doctrine of Unclean Hands.

### TENTH DEFENSE

Plaintiff's injuries or damages are the subject of collateral sources and as such any damages owing by this Defendant would be subject to credit or setoff.

## ELEVENTH DEFENSE

Plaintiff's injuries or damages are the fault or result of acts or omissions of other persons or parties over whom this Defendant had no responsibility, care or control.

Defendant,
Performance Marine Associates Insurance Services, Inc.
By its attorneys,
**SCHWARTZ & HORWITZ, P.A.**


_____
Steven G. Schwartz, Esquire*
3303 NW Boca Raton Boulevard, Suite 200
Boca Raton, Florida 33431
(561) 395-4747


**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

* *Pro Hac Vice* Motion filed simultaneously

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing have been furnished via __✓__ U.S. mail, _____ facsimile or _____ hand delivery, to Stephen L. D'Angelo, Esq., D'Angelo & Hashem, LLC, 6 Beacon Street, Suite 505, Boston, MA 02108, and David J. Farrell, Jr., 2355 Main Street, S. Chatham, MA 02659, this 21st day of December, 2004.

_____
John J. Davis, Esq.

L:\OPEN FILES\172006\Pleadings\ANSWER.rtf