UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CHRISTOPHER CAVALLARO,

        Plaintiff,

v.                                              **Civil Action No. 04-cv-12512RWZ**

PERFORMANCE MARINE ASSOCIATES
INSURANCE SERVICES, INC. and
ACE GROUP,

        Defendants,

_____

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant ACE Group, who in all further pleadings should be referred to by the name of the proper party, ACE American Insurance Company ("ACE"), answers the Complaint and Demand for Trial by Jury as follows:

**CAUSE OF ACTION**

While denying that the paragraphs constitute a claim for which a defense is required, ACE admits this is a Civil Action brought in the United States District Court for the District of Massachusetts by the Plaintiff, but denies the remaining averments, if any.

**ALLEGATION OF JURISDICTION**

While denying that the paragraphs constitute a claim for which a defense is required, ACE admits it has a principal place of business in a state other than the Commonwealth of Massachusetts; denies it is incorporated under the laws of the State of Delaware; denies that the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332; and lacks knowledge or information

sufficient to form a belief as to the truth of the remaining averments, if any, and therefore denies them.

## DEMAND FOR TRIAL BY JURY

While denying that the paragraphs constitute a claim for which a defense is required, ACE demands a jury trial on all issues so entitled.

## THE PARTIES

1. - 2.  ACE lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

3.  ACE denies the averment.

## FACTUAL BACKGROUND

4.  ACE admits on July 19, 2003 Plaintiff Christopher Cavallaro was involved in a serious boating accident; denies it occurred on Marina Bay in Dorchester, Massachusetts; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and therefore denies them.

5.  ACE admits Mr. Cavallaro was not driving his boat at the time of the accident; denies the United States Coast Guard primarily effected the rescue; and lacks knowledge or information sufficient to form a belief as to the seriousness of injuries, the extent of damages, and the truth of the remaining averments and therefore denies them.

6.  ACE admits Mr. Cavallaro's boat sustained damage of $25,979 but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and therefore denies them.

7. ACE admits Mr. Cavallaro reported the accident; admits his marine insurance policy, No. S11958802, was fully paid and purchased through Defendant PMA; but denies any suggestion that Mr. Cavallaro was then first informed his marine insurance policy contained a "Named Driver Warranty."

8. ACE denies the averment, noting that its November 21, 2003 letter speaks for itself.

9. ACE denies Mr. Cavallaro in May 2003 purchased the boat and the marine insurance policy from ACE through an agent of Defendant PMA but admits the remaining averments.

10. ACE denies the averments.

11. ACE admits Mr. Cavallaro was not driving his boat at the time of the accident; denies Mr. Cavallaro was unaware of the Named Driver Warranty exclusion on his policy; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and therefore denies them.

12. ACE lacks knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies it.

## COUNTS OF THE COMPLAINT OF THE PLAINTIFF

### COUNT I
**(Christopher Cavallaro v. PMA Insurance for Violation of M.G.L. c. 93A)**

13. - 18. COUNT I pertains to co-Defendant PMA so an answer by ACE is not required.

### COUNT II
**(Christopher Cavallaro v. ACE INA for Violation of M.G.L. c. 93A)**

19. ACE incorporates its answers to paragraphs 1 - 18.

20. ACE admits Mr. Cavallaro obtained through his agent marine insurance policy No. S11958802 but denies the remaining averments.

21. - 24. ACE denies the averments.

25. ACE admits the averment.

26. ACE admits Mr. Cavallaro knew prior to the insurance contract's formation about the policy's specifics, for which a $1,680 premium was charged, and denies the remaining averments.

27. – 29. ACE denies the averments.

## COUNT III
### (Christopher Cavallaro v. PMA Insurance in Breach of Contract)

30. - 34. COUNT III pertains to co-Defendant PMA so an answer by ACE is not required.

## COUNT IV
### (Christopher Cavallaro v. ACE in Breach of Contract)

35. ACE incorporates its answers to paragraphs 1 - 34.

36. ACE lacks knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies it.

37. ACE denies it breached any contract; denies Mr. Cavallaro did not know and understand his rights and duties under the insurance policy; admits he received this information; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and therefore denies them.

38. – 40. ACE denies the averments.

## AFFIRMATIVE DEFENSES

41. This Court lacks jurisdiction over the subject matter of plaintiff's complaint.

42. This Court lacks jurisdiction over ACE Group which is not a proper party.

43. Process was insufficient.

44. Service of process was insufficient.

45. Plaintiff fails to state a claim against ACE upon which relief can be granted.

46. Plaintiff is estopped from claiming against ACE.

47. With the premium charged there was no consideration for plaintiff's claims.

48. Plaintiff's claims are barred by the doctrine of unclean hands.

49. Plaintiff waived any claims for the accident.

50. Plaintiff breached the Named Driver Warranty in the policy.

51. Assuming *arguendo* there was no Named Driver Warranty in the policy, it does not cover plaintiff's personal injuries or loss of income claims, if any.

52. Plaintiff is subject to all of the terms, conditions, policy exclusions, warranties, and endorsements of the policy.

53. Mass. Gen. Laws ch. 93A is inapplicable to marine insurance policies.

54. Assuming *arguendo* Mass. Gen. Laws ch. 93A is applicable to marine insurance policies, plaintiff's complaint is in any event procedurally, legally, and factually defective and is "wholly insubstantial, frivolous, and not advanced in good faith" such

that ACE is entitled to recover "reasonable counsel fees and other costs and expenses incurred in defending against such a claim" pursuant to Mass. Gen. Laws ch. 231, § 6F.

55. Any losses sustained by Plaintiff were due to his own fault and/or the fault of parties other than ACE for which ACE is not responsible.

WHEREFORE, ACE American Insurance Company respectfully requests that the Court:

1. Enter judgment in favor of ACE and against Plaintiff, dismissing his complaint with prejudice and awarding him no damages;
2. Award ACE its attorneys' fees and costs; and
3. Grant ACE such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED electronically this 3rd day of January 2005.

DAVID J. FARRELL, JR.
Attorney for ACE American Insurance Company


/s/ *David J. Farrell, Jr.*
BBO # 559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121

Certificate of Service
I certify I served a copy of this answer by mail on
Attorneys D'Angelo, Schwartz, and Davis on 1/3/05.

/s/ *David J. Farrell, Jr.*