UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

*FILED IN CLERKS OFFICE 2005 JAN 20 P 3:04 U.S. DISTRICT COURT DISTRICT OF MASS.*

| | |
|---|---|
| Christopher Cavallaro, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>Performance Marine Associates )<br>Insurance Services, Inc. )<br>and Ace American Insurance Co., )<br>)<br>Defendants )<br>) | C.A. No.: 04-12512-RWZ |

## CORRECTED
## JOINT STATEMENT OF THE PARTIES

    I.    Plaintiff's Concise Summary of the Facts

1. On June 2, 2003, Mr. Cavallaro received an application and questionnaire for an insurance policy regarding his boat. Mr. Cavallaro received the application via facsimile in his office. Mr. Cavallaro was instructed to fill out the forms and return with a check to Ace/USA Insurance Company.

2. On June 2, 2003, Mr. Cavallaro sent his Check No. 2416 in the amount of Two-Thousand, Seven Hundred-Thirty dollars ($ 2,730.00) made out to PMA Insurance along with his application via UPS delivery to Performance Marine Associates Insurance Services, Inc.

3. On June 3, 2003 at 9:27 a.m., Mr. Cavallaro's Check No. 2416 and application were received in Fort Lauderdale, FL in hand with his application for insurance.

4. On June 3, 2003, Mr. Cavallaro received a facsimile cover page indicating two pages. A copy of the Declaration cover page was included in the facsimile. The facsimile included no Named Operator Clause or Named Operator Warranty.

5. On June 23, 2003 Mr. Cavallaro received a Notice of Cancellation for failure to pay his insurance premium.

6. Chris called Performance Marine Associates, Inc. and spoke to an Agent named "Gary" about the Cancellation notice. "Gary" informed Mr. Cavallaro that Mr. Cavallaro's check was mistakenly not sent to Ace American Insurance Company. Mr. Cavallaro was then reinstated under his insurance policy.

7. On July 3, 2003, Mr. Cavallaro received a Reinstatement Notice which was sent directly to Mr. Cavallaro's home. The Reinstatement Notice consisted of 1 page and made no indication of a Named Operator Clause or Named Operator Warranty.

8. On July 19, 2003, Plaintiff, Mr. Cavallaro was involved in a serious boating accident on Marina Bay in Dorchester, Massachusetts. Mr. Cavallaro's boat was violently buffeted by another boat's wake, causing Mr. Cavallaro's vessel to lift

out of the water and smash back down. Mr. Cavallaro and his passengers, including a friend who was driving Mr. Cavallaro's boat at the time of the accident sustained serious personal injuries and Mr. Cavallaro's boat was damaged extensively.

9. The damage to Mr. Cavallaro's boat was estimated at more than $25,000.00, and due to his injuries, Mr. Cavallaro missed more than one month of work, resulting in a loss of income in more than $100,000.00.

10. Mr. Cavallaro called Ace American Insurance Company on or about July 21, 2003.

11. On July 22, 2003, Ski Safe, a division of Ace American Insurance Company, sent a Notice of Claim to Mr. Cavallaro.

12. Mr. Cavallaro sent notice of his insurance claim on July 23, 2003 to Performance Marine Associates.

13. On July 24, 2003, Performance Marine Associates sent a claim form to Mr. Cavallaro. Mr. Cavallaro filled out and sent back Performance Marine Associates' claim form on July 25, 2003.

14. On July 25, 2003, Mr. Cavallaro received a facsimile from Performance Marine Associates consisting of three pages. For the first time, Mr. Cavallaro was informed of the Named Operator Warranty. Also sent with the facsimile was a Sea Safe Endorsement and a Windstorm Endorsement which were seen by Mr. Cavallaro for the first time. Mr. Cavallaro had still not received an insurance policy.

15. On September 9, 2003, Mr. Cavallaro sent an estimate to Ace American Insurance Company regarding the damage to his boat relative to the July 19, 2003 accident.

16. Mr. Cavallaro then received via Certified mail a notice of claim status relative to the claim made July 21, 2003. The letter addresses the accident of July 19, 2003 including a description of the individuals injured in the accident, and includes a Named Driver Warranty. The letterhead indicates the letter was written on **June 17, 2003**, 32 days *before* the accident occurred.

17. Further, it is Plaintiff's contention that Defendant Ace American Insurance Company failed to reply in any fashion to the Notification of Violation of M.G.L. c. 93A and M.G.L. c. 176D letter dated December 10, 2003, cent via **Certified Mail No. 7002 0510 0003 3340 0439** in direct violation of Massachusetts General Laws Chapter 93A.

## II. Position of the Defendants, Performance Marine Associates, and ACE American Insurance Company

The Defendants, Performance Marine Associates, and Ace American Insurance Company submit the following positions:

### Ace American Insurance Company

1. The parties have agreed that Ace American Insurance Company should be substituted for ACE Group as the proper party name of the underwriter.

2. Ace will neither admit nor deny the other parties' summary of facts or position as the Joint Statement is neither another complaint/answer nor a pre-trial memorandum. Nevertheless, Ace believes a central issue in this case will be its establishment that the policy and Named Driver Warranty were mailed to plaintiff on or about June 4, 2003.

3. Ace American Insurance Company does not consent to trial by magistrate judge.

### Performance Marine Associates, Inc.

4. At all times material hereto, Plaintiff was a financial planner well versed in Insurance issues who previously purchased policies of insurance for power boats and as such was aware of the "operator only" exclusion or warranty for insurance policies relative to these type of vessels.

5. On June 2, 2003, plaintiff made application for the liability policy at issue and indicated thereon he would be the only named operator under the application section titled "Who will be operating this craft?" and left the lines for any additional operators blank.

6. On June 2, 2003, this defendant faxed a letter quoting a premium for the insured vessel to plaintiff and therein noted that the policy would be subject to "Designated operators only and Racing exclusion".

7. On June 2, 2003, plaintiff returned the above referenced letter by fax circling a "Y" indicating he agreed with the premiums quoted therein.

8. On June 3, 2003, this defendant faxed a binder for the boat policy in question to the plaintiff which contained a notation of attachments/endorsements which included the following: "Named Operator PC-101 Sea Safe Endorsement MACV 70."

9. At some time prior to July 1, 2003, Sea Safe, the insurance broker in question, mailed the plaintiff's Ace American Insurance policy to plaintiff with a copy to this defendant which this defendant received on July 1, 2003. The copy received by this defendant clearly states that it was a named driver only policy and references that exclusion/endorsement.

10. On July 19, 2003, plaintiff violated the endorsement referenced above by permitting a third party to operate his vessel who damaged the vessel and injured the passengers thereof. In doing so, plaintiff voided the policy in question.

11. On or about July 25, 2003, plaintiff advised this defendant he "didn't remember" the operator only endorsement and requested it to be faxed to him for a second time.

12. At all times material, plaintiff was fully aware his insurance policy was subject to the operator only endorsement referenced above.

13. Performance Marine Associates' position is quite simple. Plaintiff bargained for and received a policy of insurance subject to an operator's only endorsement which was clearly referenced in his application materials as well as his binder. Thereafter, plaintiff violated the operator only endorsement and voided all coverage. On these facts, Performance Marine Associates believes it is entitled to summary judgment as well as attorneys' fees and costs for defending a baseless claim.

### III. Discovery Plan

1. Discovery will be needed on the following subjects: Deposition of the Plaintiff and Defendants as well as any witnesses or experts to the incident

       alleged in the Plaintiff's Complaint. The parties reserve the right to supplement this list prior to trial.

2.     Plaintiff proposes **January 31, 2006** as a deadline for any and all Discovery, including but not limited to interrogatories, requests for production of documents, admissions, and depositions (with the exception of expert deposition testimony as found below).

3.     The maximum number of Interrogatories and the due date to be served on another party to be within the bounds established by the Federal Rules of Civil Procedure.

4.     The Requests for the Production of Documents and the due date to be within the bounds established by the Federal Rules of Civil Procedure.

5.     The Requests for Admissions and the due date to be within the bounds established by the Federal Rules of Civil Procedure.

6.     Depositions to be conducted within the bounds established by the Federal Rules of Civil Procedure.

7.     Each deposition of a single deponent must be limited to seven (7) hours unless extended by agreement of the parties.

8.  All Experts reports under Rule 26(a)(2) to be due on March 30, 2006 for both parties.

9.  Defendant Ace American Insurance Company served its Automatic Disclosure, Interrogatories, Request for Production of Documents, and a Notice of Plaintiff's Deposition on January 6, 2005. The parties have scheduled Plaintiff's deposition for January 26, 2005.

10. Defendant Ace believes paragraphs 3-7 are superfluous. Ace also believes phased discovery is appropriate in this case. The first phase should be limited to determining whether there is insurance coverage for plaintiff's claims, including whether breach of the policy's Named Driver Warranty voids coverage. The second phase would include information needed to prepare for trial, including any relevant witness and expert witness depositions.

## IV. Filing of Motions

1. The Plaintiff should be allowed until August 31, 2005 to join additional parties and to amend the pleadings.

2. All potentially dispositive Motions shall be filed by October 31, 2005.

3. By agreeing to this deadline, Ace does not waive opposition to any motion to join and/or amend.

## V. Disclosure Certification

I, Stephen L. D'Angelo, Esq., counsel for the Plaintiff, Christopher Cavallaro, hereby certify that the Plaintiff has been informed of the potential costs in filing and litigating suit. I also certify that the Plaintiff, Christopher Cavallaro, has been informed of alternative dispute resolution programs such as mediation, arbitration and negotiation.

I, Stephen G. Schwartz, Esq., through local counsel John J. Davis, Esq., counsel for Defendant Performance Marine Associates hereby certify that the afore-mentioned Defendant has been informed of the potential costs in litigating this suit. I also certify that the afore-mentioned Defendant has been informed of alternative dispute resolution programs such as mediation, arbitration and negotiation.

David J. Farrell, Jr., Esq., counsel for Ace American Insurance Company, will provide his own disclosure certification.

Date:

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| Counsel for Plaintiff, | Counsel for Defendant, |
| Christopher Cavallaro, | Performance Marine Associates, |
| /s/ Stephen L. D'Angelo | /s/ Steven G. Schwartz |
| Stephen L. D'Angelo, Esq. | Steven G. Schwartz, Esq., |
| BBO#: 640900 | *Pro Hac Vice* - pending |
| D'Angelo & Hashem, LLC | 3303 NW Boca Raton Blvd., Ste. 200 |
| 6 Beacon Street, Suite 505 | Boca Raton, FL 33431 |

Boston, MA 02108
(617) 624-9777

Respectfully submitted,
Counsel for Defendant,
Ace American Insurance Co.,

David J. Farrell, Jr., Esq.
BBO#: 559847
2355 Main Street
P.O. Box 186
S. Chatham, MA 02659
(508) 432-2121

(561) 395-4747

John J. Davis, Esq.
BBO#: 115890
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950