UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. DORAN and JOAN C. DORAN,<br>   Plaintiffs, | |
| v. | In Admiralty |
| CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, <u>in</u> <u>rem</u>; and WALTER N. LEWIS III and NICOLE M. LEWIS, <u>in personam</u>,<br>   Defendants. | Civil Cause No. 04 10168 DPW |

## STATUS REPORT

Plaintiffs Ronald J. Doran and Joan C. Doran provide this status report in accordance with the Court's April 20, 2004 Electronic Notice of Hearing.

<u>1. Background</u>

This case involves the foreclosure of a first preferred ship mortgage. Pursuant to this Court's orders, the defendant vessel including its National Marine Fisheries Service permits was arrested on March 9, 2004 and is in the care of the substitute custodian at Barnstable Marine Service. Despite proper notice, no parties have appeared in this case. Plaintiffs now seek entry of judgment and sale of the vessel.

<u>2. Procedural Status</u>

<u>In</u> <u>personam</u> defendant vessel owners Mr. and Mrs. Lewis were defaulted on February 27, 2004. As of today they remain in default having not yet appeared despite repeated notice of this action. Besides the summons and complaint, on March 12, 2004 the order of arrest, warrant of arrest, and order

appointing substitute custodians were served on both Mr. and Mrs. Lewis. Following the arrest, undersigned counsel spoke several times with defendant Mr. Lewis plus three attorneys who ended up not appearing on behalf of the in rem or in personam defendants.

A Notice of Vessel Arrest was published in The Boston Globe as ordered on April 6, 2004.  It required "any person asserting an interest or right against the Vessel to file a verified statement of right or interest on or before April 20, 2004." As of today there have been no such filings.

3. Pending Motions

The following unopposed motions, all ex parte due to the lack of appearance by any party other than plaintiffs, are pending:

a. *Application for Clerk's Entry of In Rem Default*.  Despite published notice, no party has timely appeared to claim an interest in the vessel. Plaintiffs anticipate filing a motion for in rem default judgment in compliance with this session's standing order.

b. *Plaintiffs' Ex Parte Motion for Summary Judgment.*  The Motion for Summary Judgment and LR 56.1 Concise Statement of Material Facts (based on the (i) Verified Complaint In Rem and In Personam and (ii) Affidavit of Ronald J. Doran in Support of Ex Parte Motions for Summary Judgment and Sale of Vessel) support entry of a joint and several judgment against Mr. and Mrs. Lewis for $70,298 as of March 26, 2004; plus $30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and in custodia legis

2

   expenses as might be subsequently itemized by plaintiffs and approved by the Court.  Legal authority, with citations, was provided in a Memorandum in Support.

c. *Plaintiffs' Ex Parte Motion for Sale of Vessel.*  At a minimum, an interlocutory sale of the Vessel by the U.S. Marshal should be ordered because "the expense of keeping the property is excessive or disproportionate" and "there is an unreasonable delay in securing release of the property."  Fed. R. Civ. P. Supp. Rule E(9)(b)(i) (B) and (C).

## 4. Proposed Order

Plaintiffs respectfully attach a proposed Order and Notice of Vessel Sale for the Court's consideration.

RESPECTFULLY SUBMITTED by e-mail this 3d day of May 2004.

DAVID J. FARRELL, JR.
Attorney for Plaintiffs


/s/ David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121
farrell@sealaw.org